IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JACOB JOSEPH ROBBINS | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-388 |
| WARDEN, FCI BEAUMONT | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jacob Joseph Robbins, a federal prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

Petitioner's claims do not challenge the manner in which his sentence is being executed. Rather, they attack the legality of his sentence. A claim challenging the legality of a sentence

generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Circuit precedent holds that the savings clause of § 2255, which in some instances allows a petitioner to proceed under § 2241, "applies to a claim: (i) that is based on a retroactively applicable United States Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the magistrate judge concluded, petitioner's complaint regarding a sentencing guideline enhancement for possessing a semi-automatic weapon failed to meet either prong of the *Reyes-Requena* test.

Petitioner now contends that his conviction for being a felon in possession of a firearm is invalid in light of the Supreme Court's ruling in *Rehaif v. United States*, _ U.S. _ , 139 S. Ct. 2191, 2200 (2019). In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. The decision does not establish that the petitioner may have been convicted of a nonexistent offense; it only establishes the Government's burden of proof. Therefore, petitioner may not challenge his conviction or sentence under 28 U.S.C. § 2241, because his claims do not meet the requirements set forth in *Reyes-Requena*.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the **30** day of **October, 2019.**

_____
Thad Heartfield
United States District Judge